JS - 6    LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-10427 GAF (PJWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | Sasoon Mananian v. New Century Mortgage et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers)**

### ORDER REMANDING CASE

On November 2, 2011, Plaintiff Sasoon Mananian filed this action in Los Angeles County Superior Court against Defendants New Century Mortgage, Carrington Mortgage Services, LLC ("Carrington"), and Atlantic and Pacific Foreclosure, LLC ("APFS"), asserting a variety of state-law claims in connection with foreclosure proceedings instituted against his property in Glendale, California.  (See Docket No. 1 [Compl.].)  Defendants Carrington and APFS timely removed the case, asserting this Court's jurisdiction pursuant to 28 U.S.C. § 1331.  (Docket No. 1 [Not. of Removal] ¶¶ 1, 3, 5.)  This Court subsequently ordered Defendants to show cause why the case should not be remanded for lack of subject matter jurisdiction, on the basis that federal law did not create Plaintiff's claims, nor did Plaintiff's right to relief necessarily depend on resolution of a substantial question of federal law.  (Docket No. 4 [1/30/12 Order] at 2–3.)  Defendants timely responded on February 3, 2012.  (Docket No. 5 [Response to 1/30/12 Order].)

On the basis of Defendants' response, the Court concludes that it does not have subject matter jurisdiction over this case.  Plaintiff asserts violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., only as predicates to his claim for wrongful foreclosure in violation of Cal. Civ. Code section 2924.  (See Compl. at 5.)  In other words, Plaintiff does not brings claims for violations of these or other federal statutes, but, rather, asserts that his property has been wrongfully foreclosed upon because TILA and RESPA violations occurred in connection with his loan.  Defendants argue that in order to defeat the wrongful foreclosure claim "in its entirety, [they] must refute any claims by Plaintiff of TILA and RESPA violations."  (Response to

JS - 6     LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10427 GAF (PJWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | Sasoon Mananian v. New Century Mortgage et al | | |

1/30/12 Order ¶ 3.) Defendants cite no authority in support of this contention. In any event, the Court will not be required to determine whether underlying TILA and RESPA violations were committed, because Plaintiff's wrongful foreclosure claim is premature in light of his allegation that no foreclosure sale has yet occurred. (Compl. ¶¶ 2, 12; id. at 9–10); see Foster v. SCME Mortg. Bankers, Inc., No. CIV. 2:10-518 WBS GGH, 2010 WL 1408108, at *4 (E.D. Cal. April 7, 2010) ("Because plaintiff's house has not yet been sold, a claim for wrongful foreclosure is not yet ripe."); Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009) (citing Munger v. Moore, 89 Cal. Rptr. 323, 326 (Ct. App. 1970)). Accordingly, the Court **REMANDS** this case to Los Angeles County Superior Court for lack of subject matter jurisdiction. The hearing scheduled for February 13, 2012 is **VACATED.**

**IT IS SO ORDERED.**